5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Fred Alfonso JONES, Plaintiff-Appellant,
v.
Richard A. WILLIAMS, Oklahoma City, Oklahoma, Police
Officer; Oklahoma City Police Officer, Unknown
named, Defendants-Appellees.
 No. 93-6225.
 United States Court of Appeals, Tenth Circuit.
 Sept. 3, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered sub-mitted without oral argument.
 
 
 2
 Plaintiff Fred Alfonso Jones filed suit against two Oklahoma City police officers alleging violation of his civil rights under 42 U.S.C.1983 and the Fourth and Fourteenth Amendments. All of plaintiff's allegations concern a search of his home by the defendants on May 8, 1988, seizure of incriminating evidence, and his subsequent conviction for possession of a controlled dangerous substance after former conviction of two or more felonies. The Oklahoma Court of Criminal Appeals reversed plaintiff's conviction on June 8, 1990, holding that the search was illegal and that the evidence should have been suppressed. Plaintiff filed this action on June 25, 1992, more than four years after the alleged civil rights violations, and more than two years after his conviction was reversed.
 
 
 3
 Defendants filed a motion for summary judgment alleging plaintiff's complaint was barred by the applicable statute of limitations. After briefing, the magistrate judge recommended granting summary judgment in favor of defendant. Plaintiff's only objection to that report asserted that the statute of limitations was tolled during his incarceration. Even though plaintiff's objection was late, 28 U.S.C. 636(b)(1), the district court made a de novo finding that tolling was not available to plaintiff, then adopted the magistrate judge's report and recommendation in its entirety.
 
 
 4
 We have reviewed the briefs and the record and are satisfied that the district court accurately summarized the facts and correctly applied the law. We cannot add significantly to the analysis of the district court in its order of May28, 1993, which adopted the magistrate judge's report and recommendation of April28, 1993, and therefore AFFIRM for substantially the reasons stated therein.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3