25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mary K. HUDSON, Plaintiff-Appellant,
v.
Thomas E. McCORMICK, Defendant-Appellee.
 No. 94-6006.
 United States Court of Appeals, Tenth Circuit.
 June 3, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Plaintiff Mary K. Hudson, a federal prisoner appearing pro se, appeals from the district court's order dismissing her 42 U.S.C.1983 claim pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction under 28 U.S.C. 1291.
 
 
 2
 Plaintiff filed this 1983 action on January 28, 1993 against Defendant Thomas D. McCormick alleging that Defendant, while acting as her court-appointed attorney from November 1988 until March 3, 1989, violated her civil rights. Defendant filed a motion to dismiss the complaint, and the district court referred the case to the Magistrate Judge. The Magistrate recommended, inter alia, that Plaintiff's complaint be dismissed as it was barred by Oklahoma's two-year statute of limitations for "injury to the rights of another." See Okla. Stat. Ann. tit. 12, 95 (1988); Meade v. Grubbs, 841 F.2d 1512, 1523 (10th Cir.1988) (applying Oklahoma's two-year statute of limitation to a 1983 action).
 
 
 3
 Plaintiff filed objections to the Magistrate's report and was permitted leave to amend her complaint. In her amended complaint, Plaintiff cited Hardin v. Straub, 490 U.S. 536 (1989) for the proposition that her action was not time-barred because statutes of limitation are tolled while a prisoner is incarcerated. Hardin, however, does not stand for such a proposition; rather, in Hardin the Court merely approved the application of such a tolling statute, created under Michigan law, to a prisoner's 1983 action. See id. at 544. In dismissing Plaintiff's claim as time-barred, the district properly concluded that Hardin did not apply, because Oklahoma does not have an analogous statute that tolls a prisoner's cause of action while incarcerated. See Battle v. Lawson, 352 F.Supp. 156, 158 (W.D. Okla.1972) (limitations statutes are not tolled by reason of incarceration under Oklahoma law).
 
 
 4
 Having been frustrated below, Plaintiff tries an additional approach on appeal. Plaintiff now claims that her action is not time-barred because she did not learn of Defendant's alleged actions which allegedly resulted in the deprivation of her civil rights until "early 1993." We will not address this argument as it was raised for the first time on appeal. See United States v. Cook, 997 F.2d 1312, 1316 (10th Cir.1993) (issues not raised before the district court are deemed waived).
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument