52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mary K. HUDSON, Plaintiff-Appellant,
v.
CITY OF OKLAHOMA CITY; Ed Killebrew, Defendants-Appellees,
and
County of Oklahoma; State of Oklahoma; B.J. Schmidt, Defendants.
 No. 94-6244.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This action is the third civil rights action filed by Plaintiff-Appellant Mary K. Hudson ("Hudson") alleging a violation of her constitutional rights in connection with her arrest on federal criminal charges in August, 1988. Based on the magistrate judge's report and recommendations, the district court dismissed this action for failure to state a claim upon which relief can be granted on the ground that this action was time barred by the statute of limitations.[2] Fed.R.Civ.P. 12(b)(6). Because we reject Hudson's argument that the statute of limitations should have been tolled, we affirm the judgment of the district court.
 
 I. BACKGROUND
 
 3
 On August 1, 1988, Hudson was arrested by state and federal authorities on several charges, including uttering a forged instrument. On December 27, 1988, Hudson pled guilty to federal bank fraud charges. In addition to her habeas corpus challenge, Hudson has filed three civil actions pursuant to 28 U.S.C.1983 to vindicate the alleged infringement of her civil rights during her incarceration and the criminal proceedings against her. In Hudson's first action against the United States and the Secret Service, she alleged that she was illegally arrested and that United States officials committed perjury in order to secure her conviction. This action culminated with a grant of summary judgment to the United States based on several grounds, including that the action was time barred by the statute of limitations. We affirmed that judgment on appeal. Hudson v. United States Secret Service, 1994 WL 237522, * 1 (10th Cir. June 3, 1994). Hudson's second civil rights action, alleging that her attorney conspired with the federal prosecutor and accepted a bribe, was also dismissed as time barred by the statute of limitations. Again, we affirmed that judgment on appeal. Hudson v. McCormick, 1994 WL 237520, * 1 (10th Cir. June 3, 1994).
 
 
 4
 Hudson now brings a third action under 28 U.S.C.1983 and 1985, alleging that an Oklahoma City Police Detective, Ed Killebrew ("Killebrew"), who was present during her arrest, assisted the federal government in concealing the allegedly illegal arrest. Specifically, Hudson claims that Killebrew conspired to mislead Hudson into believing that she was in state custody rather than federal custody. Hudson's claim also alleges that Defendant B.J. Schmidt ("Schmidt") provided false testimony to support an upward departure from the sentencing guidelines.
 
 
 5
 In response to Hudson's Complaint, all of the defendants in the instant case requested that the district court dismiss the action as time barred by the statute of limitations. While Hudson contended that the statute of limitations should have been tolled so as to allow for this action, she concurred that the State of Oklahoma should be dismissed because of its Eleventh Amendment immunity. Moreover, as Hudson failed to respond at all to the arguments offered by the County of Oklahoma, the magistrate judge deemed those arguments to be confessed by Hudson and recommended that Hudson's claim against the County be dismissed. Furthermore, the magistrate judge noted that Hudson failed to serve Schmidt with a copy of the complaint. Finally, the magistrate judge concluded that because Hudson's arguments for tolling the statute of limitations were unavailing, the action should also be dismissed as to Killebrew and the City of Oklahoma City.
 
 
 6
 Hudson filed an objection to the magistrate's report and recommendation on the issue of whether the statute of limitations should have tolled so as to allow the action against the City of Oklahoma City and Killebrew to proceed. The district court first noted that Hudson's failure to contest the magistrate's recommendations as to the dismissal of the other defendants waived the right to contest that issue on appeal. After examining the parties' arguments as to the statute of limitations issue, the district court adopted the magistrate judge's recommendation to dismiss the action as time barred. Hudson then filed this timely appeal, and we exercise jurisdiction pursuant to 28 U.S.C. 1291.
 
 II. DISCUSSION
 
 7
 The statute of limitations governing Hudson's 1983 conspiracy claim is two years. See Hudson v. United States Secret Service, 25 F.3d 1057, 1994 WL 237522, * 1 (10th Cir. June 3, 1994); Hudson v. McCormick, 25 F.3d 1057, 1994 WL 237520, * 1 (10th Cir. June 3, 1994); see also 12 Okla. Stat. Ann. 95 (1995 Supp.); Meade v. Grubbs, 841 F.2d 1512, 1523 (10th Cir.1988) (applying two year statute of limitations to 1983 actions arising in Oklahoma). Hudson accepts that determination and alleges that because she did not discover that Killebrew allegedly falsified the arrest report until she filed her action against the federal authorities in February, 1993, the statute of limitations should have been tolled to allow for her to proceed in the instant case. Specifically, Hudson argued that the statute of limitations should have been tolled because (1) she was incarcerated; and (2) her discovery of the alleged civil rights violation was delayed because the authorities concealed evidence of Killebrew's involvement in the conspiracy. The district court rejected both of these arguments.
 
 
 8
 On appeal, Hudson has abandoned her incarceration argument,[3] but continues to maintain that her delayed discovery of Killebrew's involvement of her 1988 arrest requires that we toll the statute of limitations. In support of her delayed discovery argument, Hudson invokes Anixter v. Home-Stake Prod. Co., 977 F.2d 1549 (10th Cir.1992), cert. denied sub nom., Dennler v. Trippet, 113 S.Ct. 1841 (1993). As pointed out by Defendants, Anixter involved the statute of limitations for a fraud action, which provides that the statute runs from the date that a reasonably diligent person would have discovered the fraud. Id. at 1551; 12 Okla. Stat. Ann. 95(3) (1995 Supp.). The instant case, a civil rights claim which relies on Oklahoma's statute of limitations for a personal injury action, Meade, 841 F.2d at 1523, does not involve a tolling provision for delayed discovery. Moreover, even if a delayed discovery rule applied to the instant case, Hudson should have known that she was in federal custody and could have discovered the allegedly falsified documents within the two year statute of limitations. Hudson contends that she was unable to discover the allegedly falsified documents because the district court hearing her habeas corpus action refused to order discovery of those documents. However, not only did Hudson have counsel during the course of her criminal proceedings through which she could have discovered the alleged falsification, but she did not even attempt to compel discovery of the relevant documents until she filed her habeas corpus action on March 25, 1991--over two years after the alleged civil rights violation.[4] Thus, even assuming Hudson's allegations to be true and that the delayed discovery rule would apply to the instant case, we cannot conclude that a reasonably diligent person would not have discovered the alleged civil rights violation within the two year statute of limitations.
 
 III. CONCLUSION
 
 9
 For the reasons explained above, the district court's dismissal of the instant case is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court granted Hudson's application to proceed in forma pauperis pursuant to 28 U.S.C.1915(a)
 
 
 [3]
 Even if we were to read Hudson's brief as raising this issue, we would reject her incarceration argument for the same reasons that we did so previously in Hudson v. McCormick, 1994 WL 237520, * 1 (10th Cir. June 3, 1994)
 
 
 [4]
 The authority Hudson cites to support her argument that the district court's failure to order discover merits a tolling of the statute of limitations is also inapposite. Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 962 (10th Cir.1991) involves the tolling of a statute of limitations under the savings provision of Okla. Stat. Ann. tit. 12 100 (1981), which allows a party to refile a case without being barred by the statute of limitations up to one year after the action was dismissed without prejudice. Meade v. Grubbs did not even involve the tolling of the statute of limitations, but rather addressed whether the personal injury or the assault and battery statute of limitations should apply to a 1983 action. 841 F.2d 1512, 1522-24 (10th Cir.1988)