**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOSEPH ANGELO DICESARE,

Plaintiff-Appellant,

v.

J.D. BALDRIDGE; CARL SLOAN;
CHARLIE DAVIS; BOB HUGHES,

Defendants-Appellees.

No. 97-5191
(D.C. No. 93-CV-507)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Joseph Angelo DiCesare, proceeding pro se, appeals the district court's order granting defendants' motion for summary judgment on his claims brought under 42 U.S.C. § 1983 for malicious prosecution and unlawful arrest in violation of the Fourth Amendment. Plaintiff was arrested and charged with the Oklahoma crime of cultivation of marijuana. He spent three days in jail. Thereafter, the charges were dismissed without prejudice. He then filed the underlying lawsuit against the police officers involved in bringing the criminal charges against him. We affirm the district court's judgment.

As a threshold matter, we must determine whether the notice of appeal was timely because the timely filing of a notice of appeal is mandatory and jurisdictional. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988). Judgment was entered March 18, 1997. On June 27, 1997, Plaintiff filed a motion for appeal out of time, pursuant to Fed. R. App. P. 4(a)(6), on the ground that he had not received notice of the judgment. The motion was granted, but plaintiff did not receive a copy of the order. Thereafter, on September 30, 1997, plaintiff filed another motion for appeal out of time, together with a notice of appeal. The request for additional time was granted on October 6, 1997.

Plaintiff's Rule 4(a)(6) motion to reopen the time for appeal was filed within 180 days of entry of the judgment, as required by the rule. Even though plaintiff's notice of appeal was filed before the October 6, 1997 order granting his

request for additional time, he was not required to file another notice of appeal after the order was entered.  See Hinton v. City of Elwood, 997 F.2d 774, 779 (10th Cir. 1993).  We find no abuse of discretion in the district court's decisions to grant plaintiff additional time to file a notice of appeal.  See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).  For these reasons, we have jurisdiction over this appeal.

On the merits, plaintiff claims the district court improperly granted summary judgment in favor of defendants on his malicious prosecution and wrongful arrest claims and failed to consider as one claim his malicious prosecution and Fourth Amendment claims, contrary to Albright v. Oliver, 510 U.S. 266 (1994).  We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment.  See McKnight v. Kimberly Clark Corp., No. 97-5179, 1998 WL 384608, at *1 (10th Cir. July 10, 1998).  Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

One of the elements of a cause of action for malicious prosecution is a successful termination of the underlying action in favor of the plaintiff. <u>See Parker v. City of Midwest City</u>, 850 P.2d 1065, 1067 (Okla. 1993); <u>see also Taylor v. Meacham</u>, 82 F.3d 1556, 1561 (10th Cir. 1996) ("[O]ur circuit takes the common law elements of a malicious prosecution as the 'starting point' for the analysis of a § 1983 malicious prosecution claim, but always reaches the ultimate question, which it must, of whether the plaintiff has proven a <u>constitutional</u> violation."). The criminal charges filed against plaintiff for cultivation of marijuana were dismissed without prejudice. He argues that the case terminated in his favor once the statute of limitations expired, preventing the charges from being refiled.

The Oklahoma Supreme Court has explained that a dismissal without prejudice does not qualify as a favorable termination because it does not "reach the substantive rights of the cause of action and thereby vindicate appellant as to the underlying action." <u>Glasgow v. Fox</u>, 757 P.2d 836, 839 (Okla. 1988). Similarly, expiration of the statute of limitations does not depend on or reflect the merits of the underlying action. Under Oklahoma law, "[d]ismissal without prejudice is not a termination favorable to the malicious-prosecution plaintiff." <u>Greenberg v. Wolfberg</u>, 890 P.2d 895, 904 (Okla. 1994) (emphasis omitted).

Because plaintiff has not established a prima facie case of malicious prosecution, the district court properly granted summary judgment on that claim.

Plaintiff has clarified his claim based on unlawful warrants to refer to the warrant for his arrest, which he alleges was obtained without probable cause in violation of his Fourth Amendment rights. The warrant was obtained and executed in August and September of 1988; plaintiff filed this action in June 1993, more than two years after the allegedly illegal actions occurred. Therefore, this claim is barred by the two-year statute of limitations. See Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988) (adopting two-year statute of limitations for § 1983 claims in Oklahoma); Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991) ("Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.").

Finally, we reject plaintiff's claim that the district court's ruling was contrary to Albright v. Oliver, 510 U.S. 266 (Fourth Amendment, rather than substantive due process, is the source of the constitutional protection in a claim for malicious prosecution). Plaintiff's motion to supplement the record on appeal is DENIED. The record is sufficient for our review of plaintiff's claims of error. All other pending motions are DENIED.

-5-

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


Bobby R. Baldock
Circuit Judge