**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DONALD GENE HOGAN,

      Plaintiff - Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS; HOLDENVILLE
INDUSTRIAL AUTHORITY; STEVE
KAISER; R. MICHAEL CODY; JIM
KEITH, Correctional Officer;
CHARLES DILLARD; TONY RIGGS,
Correctional Officer; DANNY
CHRISTIAN, Correctional Officer;
OFFICER PEARMAN; OFFICER
CARTER,

      Defendants - Appellees.

No. 98-6127
(D.C. No. CIV-96-1931-A)
(Western District of Oklahoma)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

Donald Gene Hogan, an inmate in the Oklahoma prison system, appeals the district court's denial of his claims for relief under 42 U.S.C. § 1983. Hogan alleges in his complaint that (1) he suffered cruel and unusual punishment when he was beaten by correctional officers; (2) he was denied adequate medical, dental, and mental health care while incarcerated; (3) he suffered retaliation, in the form of unwanted transfers of himself and inmate law clerks, for filing a lawsuit; (4) he suffered retaliation through assignment of an undesired cellmate, the presence of whom caused him considerable anxiety; and (5) he was denied access to the court. In an order of September 30, 1997, the district court dismissed Hogan's first claim as barred by the statute of limitations, ruled against his second and third claims on summary judgment, and dismissed his fourth and fifth claims pursuant to 28 U.S.C. § 1915(e)(2)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Hogan asserts that the district court erred in concluding that the statute of limitations period has expired for his claim concerning the alleged beating. Oklahoma law, he argues, allows for tolling of the limitations period during the term of a prison inmate's confinement. He also asserts that the doctrine of equitable tolling should be applied to this claim and requests that we certify to the Oklahoma Supreme Court the questions of whether Oklahoma law contains a tolling provision for inmates and whether it recognizes equitable tolling in

circumstances such as these. He tells us that the district court misconstrued or misapplied governing standards in ruling on defendants' motions for summary judgment. Finally, Hogan appears to suggest that the district court improperly concluded that defendants Stephen Kaiser and the Holdenville Industrial Authority enjoy qualified immunity. We consider, and reject, each of these arguments.

The assertion that prisoners are under a "legal disability" and thus the limitation period for bringing an action under 42 U.S.C. § 1983 is tolled for prisoners during the period of their confinement by Okla. Stat. tit. 12, § 96 is unsupported. Hogan himself admits that the Oklahoma Supreme Court has never squarely addressed this issue, and we find unconvincing Hogan's statutory analysis in support of the inclusion of prisoners in the class of persons whose disability tolls the Oklahoma statute of limitations. See Garrison v. Wood, 957 P.2d 129, 130 n.3 (Okla. Ct. App. 1997) ("It is the well established rule that exceptions to the operation of a statute of limitations which toll its running in favor of persons under disability are to be strictly construed, and never extended beyond their plain input.") (quoting Chuchuru v. Chutchurru, 185 F.2d 62, 64 (10th Cir. 1950)). Federal courts that have addressed this issue have concluded that Oklahoma does not have a tolling provision for inmates. See, e.g., Hudson v. McCormick, No. 94-6006, 1994 WL 237520, at *1 (10th Cir. June 3, 1994); Jones

v. Williams, No. 93-6225, 1993 WL 344266, at *1 (10th Cir. Sept. 3, 1993); Battle v. Lawson, 352 F. Supp. 156, 158 (W.D. Okla. 1972). In the absence of Oklahoma authority squarely on this point, we follow the federal jurisprudence and affirm the district court's conclusion.

The argument that the circumstances of this case warrant application of equitable tolling principles fails as well. We are aware of no Oklahoma authority for equitable tolling under these circumstances, and appellant cites to none. As the district court noted, "[e]xceptions to statutes of limitation are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." R. Doc. 71 at 4 (quoting Resolution Trust Corp. v. Grant, 901 P.2d 807, 813 (Okla. 1995)). Absent affirmative indication that the State of Oklahoma recognizes equitable tolling in such a case, we decline to impute such a doctrine to the state. Moreover, we agree with the district court's conclusion that Hogan has demonstrated inadequate factual basis for application of equitable tolling principles.

To the extent that Hogan seeks certification to the Oklahoma Supreme Court of the aforementioned questions of law, we decline to certify these questions. See Armijo v. Ex Cam, Inc., 843 F.2d 406, 407 (10th Cir. 1988) ("Whether to certify a question of state law to the state supreme court is within the discretion of the federal court. Certification is not to be routinely invoked

-4-

whenever a federal court is presented with an unsettled question of state law.") (citations omitted); Ormsbee Dev. Corp. v. Grace, 668 F.2d 1140, 1149 (10th Cir. 1982) (certification is discretionary and to be used with restraint).

We now review the district court's grant of summary judgment for defendants on Hogan's claims concerning inadequate health care and allegedly retaliatory transfers. We conclude that Hogan's allegations are too conclusory, even resolving doubts in his favor, to survive defendants' motions. See Kidd v. Taos Ski Valley Inc., 88 F.3d 848, 853 (10th Cir. 1996) ("conclusory allegations are not sufficient to defeat [a motion for summary judgment]") (citing Milton v. Scrivner, Inc., 53 F.3d 1118, 1125 (10th Cir. 1995)). Accordingly, we affirm the district court's grant of summary judgment.[1]

Next, we consider the district court's dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B), of Hogan's claims against defendants Holdenville Industrial Authority and Stephan Kaiser concerning Hogan's cellmate assignment and alleged denial of access to the courts. Reviewing such a dismissal de novo, see Sheppard v. Matheson, No. 98-3010, 1998 WL 658298, at *1 n.2 (10th Cir. Sept.

---

[1]Hogan's arguments regarding the "heightened standard of pleading" of Breidenbach v. Bolish, 126 F.3d 1288 (1997), in light of Crawford-El v. Britton, 523 U.S. 574 (1988), are entirely inapposite, as those cases deal with assertions of qualified immunity, and there is nothing in the record to suggest that the district court employed a qualified immunity analysis or held Hogan to a heightened standard of pleading.

15, 1998), and concluding that the record provides no basis for appellant's claim, we affirm.

Finally, we reject as inapposite the claim that the district court's decision with respect to defendants Kaiser and Holdenville Industrial Authority conflicts with Richardson v. McKnight, 521 U.S. 399 (1997). The district court's decision is properly read as dismissing Hogan's claims concerning cellmate assignment and access to the courts pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim on which relief can be granted) rather than § 1915(e)(2)(B)(iii) (immunity); thus, Richardson's holding on qualified immunity is irrelevant.

This matter is **DISMISSED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge