**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GROVER LEE MISKOVSKY,

        Plaintiff-Appellant,

v.

TWYLA MASON GRAY, The
Honorable District Judge of the
Seventh Judicial District Court for
Oklahoma County, State of Oklahoma;
THERESA REEL, Certified Court
Reporter for Chambers of the
Honorable Twyla Mason Gray, District
Judge, District Court of Oklahoma
County, State of Oklahoma,

        Defendants-Appellees.

No. 03-6186
(D.C. No. CV-02-1684-HE)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ** , **McKAY** , and **PORFILIO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Grover Lee Miskovsky, a state inmate in the Oklahoma prison system, appeals the district court's order dismissing his complaint under Fed. R. Civ. P. 12(b)(6). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In his complaint, plaintiff asserted federal antitrust, copyright, racketeering, and civil rights claims against the state district judge who presided over his criminal case, the Honorable Twyla Mason Gray of the district court in Oklahoma County, Oklahoma, and the certified court reporter who transcribed the proceedings, Theresa Reel, seeking damages and declaratory and injunctive relief. Plaintiff's claims against defendant Gray are based on a court-ordered seizure of a trial transcript (the *Gregg* transcript [1]) from his jail cell that occurred while he was in custody awaiting trial. [2] With respect to defendant Reel, plaintiff claimed that she unlawfully attempted to create a state-law copyright in the transcript she prepared of his criminal trial. Plaintiff further claimed that defendant Reel

---

[1] The *Gregg* transcript was from a related criminal case in Oklahoma County, Oklahoma. Plaintiff claims that he obtained a copy of the *Gregg* transcript because three of the witnesses endorsed by the prosecution to testify in his case were also prosecution witnesses in the *Gregg* case. *See* Aplt. Opening Br. at 2-3.

[2] Mr. Miskovsky claims that he obtained his copy of the *Gregg* transcript from a "lawyer" friend who had checked out the original transcript from the state court archives and copied it for him. *See* Aplt. Opening Br. at 3.

engaged in a conspiracy with defendant Gray in order to create de facto copyrights in her original transcripts.

Both defendants filed motions to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The district court granted both motions based on the following analysis:

> The plaintiff's copyright, antitrust and RICO claims against both defendants are specious. The only potentially actionable conduct by defendant Gray that is plead in the complaint consists of her ordering the seizure of the [ *Gregg* ] transcript. However, while the allegations might otherwise suffice to support a [42 U.S.C.] § 1983 claim against her, the court [concludes] . . . that judicial immunity shields Judge Gray from liability to the plaintiff . . . .
>
> The plaintiff cannot succeed on his § 1983 claim against Defendant Reel, as there are no allegations that she personally participated in the asserted constitutional deprivation. Even if she could be linked to the seizure or if Judge Gray were not entitled to immunity, the plaintiff's § 1983 claim still would fail, as it is untimely. *DiCesare v. Baldridge*, 156 F.3d 1243, 1998 WL 476781, at *2 (10th Cir. Aug. 11, 1998) (two year statue of limitations for § 1983 claims in Oklahoma barred claim based on alleged Fourth Amendment violation). The plaintiff alleges that the seizure occurred before November 22, 1999, but this action was filed November 27, 2002, outside the applicable two year statutory period.

Aplt. App., Vol. 2 at 667-68 (footnotes omitted). The court also denied plaintiff's request for leave to file an amended complaint, concluding that "any attempt to amend would be futile." *Id.* at 669.

We review the dismissal of plaintiff's complaint de novo, applying the same standard as the district court under Rule 12(b)(6). *See Jefferson County*

*Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 855 (10th Cir. 1999).

> As we have noted, we accept as true all well-pleaded facts and view those facts in the light most favorable to the nonmoving party. The district court's dismissal may be upheld only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* (citation and quotation omitted). In addition, "[a]lthough Fed. R. Civ. P. 15(a) provides that leave to amend [a complaint] shall be given freely, the district court may deny leave to amend where amendment would be futile." *Id.* at 859. Further, "[w]e review the denial of a motion for leave to amend for abuse of discretion." *Id.* Applying these standards, we conclude that plaintiff has failed to state a claim upon which relief can be granted, and that the district court did not abuse its discretion in denying plaintiff's request for leave to file an amended complaint. Given plaintiff's failure to state a claim, we also reject plaintiff's argument that the district court erred by refusing to permit him to engage in discovery.

First, plaintiff has failed to allege any facts that would support a cognizable claim under the federal antitrust or racketeering laws. Instead, plaintiff has conceded that his antitrust and racketeering claims are wholly dependent upon his federal copyright claim. *See* Aplt. Opening Br. at 38.

Second, plaintiff has failed to allege any specific facts that would support a cognizable claim against defendant Reel under any of the federal statutes he has

invoked in this case. In fact, as accurately summarized by the district court, the only specific facts alleged by plaintiff to support his claims against defendant Reel were the following:

> The plaintiff also claims that defendant Reel learned between January 20 and July 11, 2002, that his attorney had obtained a copy of the plaintiff's trial transcript from the plaintiff and demanded payment of $1 a page. [Defendant Reel] allegedly told plaintiff's counsel that the plaintiff's copy was illegal, as it had not been obtained from her.

Aplt. App., Vol. 2 at 666. We agree with the district court that these allegations are insufficient to state a claim against defendant Reel under any of the federal statutes at issue in this case. As a result, we are left only with plaintiff's conclusory allegations concerning the claimed conspiracy between defendant Reel and defendant Gray, and "we need not accept [plaintiff's] conclusory allegations as true." *Southern Disposal, Inc. v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998).

Third, plaintiff is not claiming that "the search of his jail cell, or the *initial* seizure . . . of his *copy* of the *Gregg* transcript, was in and of itself illegal." *Id.* at 7; *see also* Aplt. Reply Br. at 14 ("Appellant Miskovsky does *not* challenge the putative immunity of the Appellee Judge Gray to have ordered a 'search and seizure' (in effect, an *inspection*) of his cell."). Consequently, plaintiff is challenging only

> Appellee Judge Gray's claim to judicial immunity in Her Honor's subsequently *confiscating* his . . . *copy* of the *Gregg* transcript, and

especially on the pretext asserted by Her Honor, namely, that in so confiscating that *copy* of the . . . transcript, Her Honor was merely 'enforcing' the Court Reporter's 'exclusive' right to make copies or to authorize copies, thereof – in short, the Court Reporter's 'copyright' therein.

Aplt. Reply Br. at 14.

In light of the above, the only claim at issue in this appeal is plaintiff's request for a declaratory judgment under 28 U.S.C. § 2201 "to declare and determine that the State District Judge's unilateral and spontaneous confiscation of Mr. Miskovsky's *copy* of the *Gregg* transcript . . . was in violation of Federal Copyright Law." Aplt. Opening Br. at 6. We do not need to address the merits of plaintiff's copyright claim, however, because we agree with the district court that, based on the allegations on the face of plaintiff's complaint, the claim is time-barred. *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1311 n.3 (10th Cir. 1999) ("Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period"), *overruled on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

Plaintiff's copyright claim boils down to his assertions that: (1) the *Gregg* transcript was part of the state court's public record, and it was not protected by the federal copyright laws; and (2) as a result, as a matter of federal copyright law, he had the right to make his own copy of the transcript. As plaintiff readily

acknowledges, his copyright claim is not a claim for copyright infringement under 17 U.S.C. § 501, as he is instead claiming that the United States Constitution and the federal copyright laws provide him with a right to copy material that has *not* been copyrighted under federal law. *See, e.g., Compco Corp. v. Day-Bright Lighting, Inc.*, 376 U.S. 234, 237 (1964) (recognizing "the federal policy, found in Art. I, s 8, cl. 8, of the Constitution and in the implementing federal statutes, of allowing free access to copy whatever the federal patent and copyright laws leave in the public domain").  Thus, for statute of limitations purposes, we believe the claim must be analyzed under § 1983, and not the federal copyright laws. *See* 42 U.S.C. § 1983 (providing federal cause of action for persons who have been deprived of any rights "secured by the Constitution and laws"). [3]

Because § 1983 does not contain its own statute of limitation, federal courts rely on analogous state statutes for determining the limitations period. *See Hardin v. Straub*, 490 U.S. 536, 538 (1989).  Under Oklahoma law, that period is two years from the date when the action accrues. *See* Okla. Stat. tit. 12, § 95(A)(3); *Meade v. Grubbs*, 841 F.2d 1512, 1522-24 (10th Cir. 1988).  An action accrues in a § 1983 case when "the plaintiff knows or should have known

---

[3]     Moreover, even if the three-year limitations period for copyright infringement actions applied, *see* 17 U.S.C. § 507(b), plaintiff's copyright claim would still be time-barred because he filed his complaint more than three years after the seizure of the *Gregg* transcript from his jail cell.

that his or her constitutional rights have been violated." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (quotation omitted).

In his complaint, plaintiff alleged that defendant Gray had the *Gregg* transcript seized from his jail cell "a couple of days or so" before November 22, 1999. Aplt. App., Vol. 1 at 11. Plaintiff further alleged that defendant Gray thereby "deprived [him] of his perfectly lawful possession of [the transcript]." *Id.* Given these allegations, we agree with the district court that plaintiff's copyright claim accrued before November 22, 1999, and that the claim is therefore barred by the two-year limitations period, since plaintiff did not file his complaint until November 27, 2002.

In an attempt to avoid the bar of the two-year limitations period, plaintiff claims that, under Okla. Stat. tit. 12, § 96, the limitations period is tolled during the term of his confinement in prison. [4] Plaintiff also asserts that the doctrine of equitable tolling should be applied to toll the limitations period, and his equitable tolling argument is based on his claim that he did not have full access to the courts due to the conditions of his confinement. [5] Pursuant to Okla. Stat. tit. 20,

---

[4] Okla. Stat. tit. 12, § 96, provides a statutory tolling period for persons who are "under any legal disability," but the statue does not define the term "legal disability."

[5] In addition, plaintiff claims that his copyright claim is not time-barred because: (1) defendant Gray made a "re-accusation of infringement" during a court hearing in July 2002; and (2) this case is "ancillary" to his state

(continued...)

§§ 1601-1611, plaintiff has also filed a motion requesting that we certify to the Oklahoma Supreme Court the questions of whether Oklahoma law contains a tolling provision for inmates and whether it recognizes equitable tolling in circumstances such as these.

We reject plaintiff's claim that Oklahoma law tolls the two-year limitations period during his confinement. As plaintiff has conceded, the Oklahoma Supreme Court has never squarely addressed the prisoner-tolling issue, and we are not convinced by plaintiff's arguments regarding Okla. Stat. tit. 12, § 96. We also note that we have previously rejected similar prisoner-tolling arguments in several unpublished orders and judgments applying Oklahoma law. [6] Although these prior unpublished decisions are not binding precedent, in the absence of any Oklahoma authority squarely on point, we will continue to follow their reasoning.

Plaintiff's argument that the conditions of his confinement warrant application of equitable tolling principles is also without merit. To begin with, we are not aware of any Oklahoma authority that would require equitable tolling

---

[5](...continued)
post-conviction proceedings, and Oklahoma law does not provide a statute of limitations for post-conviction proceedings.   *See* Aplt. Opening Br. at 14, 46. Both of these arguments are frivolous and merit no further consideration.

[6]      *See Hogan v. Okla. Dep't of Corr.*   , No. 98-6127, 1999 WL 84466, at \*\*1 (10th Cir. Feb. 22, 1999);    *Hill v. Gilliam*   , No. 98-6138, 1999 WL 41110, at \*\*2 (10th Cir. Feb. 1, 1999);    *Hudson v. McCormick*   , No. 94-6006, 1994 WL 237520, at \*\*1 (10th Cir. June 3, 1994);    *Jones v. Williams*   , No. 93-6225, 1993 WL 344266, at \*\*1 (10th Cir. Sept. 3, 1993).

under the circumstances of this case.  In addition, we note that plaintiff filed a prior § 1983 action in the district court challenging defendant Gray's seizure of the *Gregg* transcript, and plaintiff filed the prior action in February 2000, well within the two-year limitations period.     *See* Case No. 00-CV-403 (filed in the Western District of Oklahoma on February 28, 2000).  Consequently, we see no reason why plaintiff could not have likewise filed the instant action within the two-year limitations period.

Finally, because the legal questions raised by plaintiff are not unusually difficult, we decline to certify the statutory and equitable tolling questions to the Oklahoma Supreme Court.     *See Armijo v. Ex Cam, Inc.*   , 843 F.2d 406, 407 (10th Cir. 1988) ("Whether to certify a question of state law to the state supreme court is within the discretion of the federal court.  Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law.") (citations omitted).

The judgment of the district court is AFFIRMED.  Plaintiff's motion to certify questions of state law is DENIED.

Entered for the Court

John C. Porfilio
Circuit Judge