**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| ALTON RAYMOND AMES, | |
| Plaintiff-Appellant, | Nos. 05-6226 |
| v. | (W.D. Oklahoma) |
| STATE OF OKLAHOMA, LOGAN COUNTY; CITY OF GUTHRIE, OKLAHOMA; LOGAN COUNTY BOARD OF COUNTY COMMISSIONERS; MARK SHARPTON, Logan County Commissioner; CLARENCE J. CREWS, Logan County Commissioner; LEON VADDER, Logan County Commissioner; LOGAN COUNTY SHERIFF'S DEPARTMENT; LOGAN COUNTY JAIL; OFFICER SCOTT, "Big Scott"; KENNETH DALE HIGGINS; MARK BRUNING; JIM TAFF; STEVE MIZE; REX BROWN; MICHAEL DEAN METCALF; SEAN SUGUE; JOHN DOE; | (D.C. No. CIV-05-0266-HE) |
| Defendants-Appellees. | |

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order

(continued...)

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Alton Ames, a state prisoner proceeding pro se, appeals the district court's dismissal of his sixteen-count civil rights complaint brought pursuant to 42 U.S.C. § 1983. Mr. Ames also seeks to proceed in forma pauperis (IFP). The district court determined that, pursuant to its screening obligations set forth in 28 U.S.C. § 1915A, Mr. Ames's complaint should be dismissed. The district court concluded that (1) certain of Mr. Ames's claims were duplicative of other claims in related litigation, (2) other claims were premature, and (3) the remaining claims were barred by the statute of limitations. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM the judgment of the district court.

## I. BACKGROUND

---

*(...continued)
and judgment may be cited under the terms and conditions of 10th CIRCUIT RULE 36.3.

Mr. Ames's complaint, filed on March 9, 2005, sought monetary damages and declaratory and injunctive relief for the alleged violation of his constitutional rights stemming from his October 4, 2000 arrest in Logan County, and his subsequent detention in the Logan County jail. His claims include allegations of excessive force, conspiracy, denial of adequate medical care, search and seizure violations, loss of property, planting of evidence, the giving of false testimony, "cover up," failure to train, and unconstitutional conditions of confinement. In a separate case, No. CIV-02-1368-HE, Mr. Ames filed a complaint, dated September 30, 2002, that alleged unreasonable search and seizure and the use of excessive force involving the same October 4, 2000 incident. In that action, the district court granted summary judgment to the defendants on October 24, 2005.

## II. DISCUSSION

We review de novo an order dismissing a prisoner's § 1983 complaint for failure to state a claim under 28 U.S.C. § 1915A. *See McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). On appeal, we construe pro se pleadings liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Upon review of the record, we agree with the magistrate judge's rulings.

On appeal, Mr. Ames contends that, as to the claims that were deemed duplicative of other litigation, this second § 1983 action should have been incorporated with the earlier action. He also maintains that certain claims have not completed accruing because he continues to be unlawfully confined. Finally, he argues that he is entitled to tolling of the statute of limitations, noting he was unable to comply with the statute of limitations due to legal disability, cover up, setbacks, and withholding of evidence. Finally, he contends he did not know the identities of certain defendants when he filed his original action is Case No. CIV-02-1368-HE, and that he is therefore entitled to tolling. He also maintains that various other restrictions impeded his ability to timely file, such as his lack of legal expertise, limited education, restricted access to legal materials, and incarceration.

First, as to the excessive force claims against Mr. Brown, Mr. Higgins, and Mr. Brunning, we conclude that Mr. Ames's second § 1983 action attempts to add additional claims and defendants to his now-dismissed complaint in case number CIV-02-1368-HE, filed on September 30, 2002, and dismissed on October 24, 2005. In that previous action, Mr. Ames sought leave to amend the complaint to include allegations of additional injuries. That request was denied because it was untimely and because it sought to include a claim that was directly contrary to his

previous assertions. We conclude that the district court was correct to dismiss these excessive force claims.

Second, to the extent Mr. Ames contends he is falsely imprisoned and seeks relief out of the alleged use of false testimony, planted evidence, and the destruction of favorable evidence, we hold that the district court properly dismissed these claims without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Finally, as to the remaining claims, we agree with the district court that these claims are barred by the statute of limitations and Mr. Ames has not alleged any facts to support statutory or equitable tolling.

Oklahoma law provides a statutory tolling period for persons who are "under any legal disability," but the statute does not define the term "legal disability." OKLA. STAT. tit. 12, § 96. Furthermore, the Oklahoma Supreme Court has never squarely addressed the prisoner-tolling issue. *See e.g.*, *Garrison v. Wood*, 957 P.2d 129, 130 n.3 (Okla. Ct. App. 1997) ("It is the well established rule that exceptions to the operation of a statute of limitations which toll its running in favor of persons under disability are to be strictly construed, and never extended beyond their plain input.") (quotation omitted). We find the argument that incarceration amounts to a "legal disability" unconvincing. Similarly, the argument that the circumstances of this case warrant application of equitable

tolling principles fails.  We are aware of no Oklahoma authority for equitable tolling under these circumstances, and Mr. Ames cites to none.

### III. CONCLUSION

We therefore AFFIRM the order of the district court for substantially the same reasons given by the magistrate judge and the district court, and DENY Mr. Ames's motion to proceed IFP, and we DENY any outstanding motions.  Mr.

Ames is responsible for the immediate payment of the unpaid balance of the appellate filing fee.

Entered for the Court,


Robert H. Henry
Circuit Judge