FILED
United States Court of Appeals
Tenth Circuit

October 9, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN HEUSTON,

      Plaintiff - Appellant,

v.

SHERIFF BALLARD; STEVE
BUCHANAN; JIMMY LANSDOWN;
MEGAEN DAVIS; GARY
DECKARD; MIKE BOUVIER; MIKE
DUNLAP,

      Defendants - Appellees.

No. 14-5096
(D.C. No. 4:14-CV-00234-JHP-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.[**]

Plaintiff-Appellant Brian Heuston, a state inmate appearing pro se, appeals

from the dismissal of his civil rights action, 42 U.S.C. § 1983, as time-barred.

The district court dismissed the action on initial screening and prior to service on

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

any of the Defendants. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Background

Mr. Heuston filed his complaint for damages on May 14, 2014. He alleged that he was subjected to excessive force and improperly administered certain drugs during his arrest and incarceration in October 2007. He alleged a municipal custom or policy of such violations and supervisory liability. On June 2, 2014, Mr. Heuston paid the filing fee. On June 3, 2014, the district court determined that Mr. Heuston's claims appeared to be barred by the two-year statute of limitations applicable to civil rights actions filed in Oklahoma. As directed, Mr. Heuston filed a response on June 13, 2014, and on July 24, 2014 the court dismissed the action as time-barred. Heuston v. Ballard, No. 14-CV-234-JHP-PJC (N.D. Okla. July 24, 2014).

Discussion

We review the district court's dismissal of Mr. Heuston's complaint de novo. Horowitz v. Schneider Nat'l, Inc., 992 F.2d 279, 281 (10th Cir. 1993). Because Congress has not expressly provided a statute of limitations for actions brought under § 1983, such claims are subject to the statute of limitations of the general personal injury statute in the state where the action arose. See Wallace v.

Kato, 549 U.S. 384, 387 (2007); Blake v. Dickason, 997 F.2d 749, 750 (10th Cir. 1993). The district court properly determined that Oklahoma's two-year statute of limitations, Okla. Stat. tit. 12, § 95(A)(3), applied to Mr. Heuston's action. McCarty v. Gilchrist, 646 F.3d 1281, 1289 (10th Cir. 2011); Meade v. Grubbs, 841 F.2d 1512, 1523 (10th Cir. 1988).

Federal law controls when a federal cause of action accrues. See Wallace, 549 U.S. at 388; Kripp v. Luton, 466 F.3d 1171, 1175 (10th Cir. 2006). The statute of limitations begins to run when a plaintiff knows or should have known facts sufficient to support his cause of action. McCarty, 646 F.3d at 1289. Here, there is no dispute that Mr. Heuston knew of the underlying facts (if not their full extent) when the incidents occurred on October 2, 2007, over six years before he filed his complaint.

Mr. Heuston argues that he is entitled to tolling of the limitations period due to his continuous incarceration. Because Congress did not establish a body of tolling rules applicable to § 1983 actions, again, state law applies. Bd. of Regents v. Tomanio, 446 U.S. 478, 483–84 (1980); Alexander v. Oklahoma, 382 F.3d 1206, 1217 (10th Cir. 2004). Oklahoma permits the equitable tolling of a statute of limitations in limited circumstances, including when a person entitled to bring an action can show a "legal disability." See Okla. Stat. tit. 12, § 96 (2000). However, Oklahoma courts have applied this provision only to plaintiffs whose competency is impaired or who have not reached the age of majority. Young v.

Davis, 554 F.3d 1254, 1258 (10th Cir. 2009). Incarceration has not been recognized as a "legal disability" for purposes of tolling the limitations period under Oklahoma law. Ames v. Oklahoma, 158 F. App'x 114, 117 (10th Cir. 2005) (unpublished); Miskovsky v. Gray, 109 F. App'x 245, 249 (10th Cir. 2004) (unpublished); Hogan v. Okla. Dep't of Corr., 172 F.3d 878 (10th Cir. 1999) (unpublished).

Furthermore, Mr. Heuston has not demonstrated extraordinary circumstances—as a result of alleged obstruction and delays in obtaining relevant information or otherwise—sufficient to justify equitable tolling. United States v. Clymore, 245 F.3d 1195, 1199 (10th Cir. 2001); see also Van Tu v. Koster, 364 F.3d 1196, 1199–1200 (10th Cir. 2004).

Mr. Heuston filed his complaint long after the applicable two-year statute of limitations expired. Accordingly, the district court properly found that his action was time-barred.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge