997 F.2d 749
 84 Ed. Law Rep. 109
 Joy A. BLAKE, Dixie Lee Blake, Ernest Blake, Plaintiffs-Appellants,
v.
Lyle DICKASON, individually and in his official capacity as
an instructor in School District 14; Gary Miller,
individually and in his official capacity as Superintendent
of School District 14; Larry Brown, individually and in his
official capacity as Principal of Manitou Springs High
School, School District 14; Stephen Helman, individually
and in his official capacity as Assistant Principal for
Manitou Springs High School, School District 14; Manitou
Springs School District 14 Board of Education, named as:
John Doe and Jane Doe Members of Manitou Springs School
District 14 Board of Education, both past and present;
Manitou Springs School District 14, Defendants-Appellees.
 No. 92-1295.
 United States Court of Appeals,
Tenth Circuit.
 June 23, 1993.
 
 J. Tyler Makepeace, Colorado Springs, CO, and Carl B. Lucas, Canon City, CO, for plaintiffs-appellants.
 Alan Epstein and James J. Murphy, of Hall & Evans, Denver, CO, for defendants-appellees.
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 Joy A. Blake and her parents, Dixie Lee and Ernest Blake, appeal an order of the United States District Court for the District of Colorado dismissing their complaint. The complaint raised various state and federal claims arising out of the alleged sexual assault of Joy by Lyle Dickason, a teacher at Joy's high school. The district court dismissed the federal claims as time-barred and then declined to exercise supplemental jurisdiction over the remaining state claims. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]
 
 
 2
 For purposes of this appeal, we accept as true all of the Blakes' pleadings. Between February and May of 1988, Dickason repeatedly had sexual intercourse with Joy both on and off the school premises. The school was aware of this conduct, and of prior similar incidents involving other students, but took no action to prevent further contact between Dickason and Joy. The school, however, did terminate Dickason's employment on June 28, 1988.
 
 
 3
 In addition to eight state law claims, the Blakes brought two federal law claims in federal district court. One claim alleged violations of various federal civil rights statutes, 42 U.S.C. §§ 1981-1988; the other apparently duplicative claim alleged a deprivation of a federally-protected liberty interest in being free from Dickason's abusive conduct.
 
 
 4
 The plaintiffs filed this action on May 15, 1991. The plaintiffs' claims accrued at the latest on October 28, 1988, when they filed their Notice of Claim against the school defendants pursuant to Colo.Rev.Stat. § 24-10-109 (1988 & Supp.1992). Because Joy was a minor when the events occurred, any statute of limitations for her personal claims was tolled until her "age disability" terminated on her eighteenth birthday, December 31, 1988. See id. §§ 13-81-101(3), -103(1)(c) (1987). Applying Colorado's two-year residual personal injury statute of limitations, the district court determined that all of the Blakes' § 1983 claims were time-barred. On appeal, the Blakes challenge the applicability of the two-year statute of limitations to their § 1983 claims.
 
 
 5
 Congress failed to specify a statute of limitations for civil rights claims under § 1983. In 42 U.S.C. § 1988, however, Congress directed the courts to follow a three-step process to determine the limitations period applicable to civil rights claims:
 
 
 6
 First, courts are to look to the laws of the United States "so far as such laws are suitable to carry [the civil and criminal rights statutes] into effect." If no suitable federal rule exists, courts undertake the second step by considering application of state "common law, as modified and changed by the constitution and statutes" of the forum state. A third step asserts the predominance of the federal interest: courts are to apply state law only if it is not "inconsistent with the Constitution and laws of the United States."
 
 
 7
 Burnett v. Grattan, 468 U.S. 42, 47-48, 104 S.Ct. 2924, 2928, 82 L.Ed.2d 36 (1984) (citations omitted) (quoting 42 U.S.C. § 1988).
 
 
 8
 At the first step of this analysis, the Court concluded that no federal law provides an appropriate limitations period. See id. at 49, 104 S.Ct. at 2929. For many years, courts applied the second step by selecting the "most analogous" and "most appropriate" forum state statute of limitations as the controlling standard. In Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), however, the Supreme Court abandoned that uncertain and confusing practice in favor of a simple, bright-line rule. Finding that " § 1983 claims are best characterized as personal injury actions," the Court held that the forum state's personal injury statute of limitations should be applied to all § 1983 claims. Id. at 280, 105 S.Ct. at 1949. In Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), the Court refined the Wilson rule by holding that, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Id. at 249-50, 109 S.Ct. at 582.
 
 
 9
 Colorado has multiple personal injury statutes of limitations. See, e.g., Colo.Rev.Stat. § 13-80-103(1)(a) (1987) (assault and battery); id. § 13-80-103.7 (Supp.1992) (sexual assault against a child). In Colorado, the residual statute of limitations for all actions, including personal injury actions, provides a two-year limitations period. Id. § 13-80-102(1)(i) (1987); see also Riel v. Reed, 760 F.Supp. 852, 855 (D.Colo.1991). Under that limitations period, the Blakes' § 1983 claims are time-barred. The Blakes, however, urge this court to disregard the Supreme Court's instructions in Owens and apply Colorado's six-year statute of limitations for sexual assaults against a child. See Colo.Rev.Stat. § 13-80-103.7 (Supp.1992). We decline to ignore Supreme Court precedent expressly rejecting the approach urged upon us today. See Owens 488 U.S. at 244 n. 8, 109 S.Ct. at 579 n. 8 (listing several state child sex abuse statutes of limitations among the "multiple statutes of limitations governing intentional torts" that courts would disregard).
 
 
 10
 Proceeding to the third step of the analysis, the Blakes argue that applying the two-year residual statute of limitations to cases involving child sexual assault is "inconsistent with federal interests." We conclude that Colorado's two-year residual statute of limitations comports with all relevant federal interests.
 
 
 11
 The Court identifies as the two principal policies underlying § 1983 the "compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." Robertson v. Wegmann, 436 U.S. 584, 591, 98 S.Ct. 1991, 1995, 56 L.Ed.2d 554 (1978); see also Board of Regents v. Tomanio, 446 U.S. 478, 488, 100 S.Ct. 1790, 1797, 64 L.Ed.2d 440 (1980). More recently, the Supreme Court articulated a strong federal interest in having clear, predictable, and easily applied standards for selecting civil rights statutes of limitations. See Owens, 488 U.S. 235, 109 S.Ct. 573; Wilson, 471 U.S. 261, 105 S.Ct. 1938. Thus, we apply the "federal interest" test to the limitations period generally, and not to the specific underlying injury alleged. Here, the Blakes offer no reason why Colorado's two-year statute of limitations is insufficient to accommodate federal interests of compensation and deterrence generally. See McDougal v. County of Imperial, 942 F.2d 668, 673 (9th Cir.1991) (finding one-year statute of limitations sufficient to protect federal interests); Jones v. Preuit & Mauldin, 876 F.2d 1480, 1484 (11th Cir.1989) (same); see also Arnold v. Duchesne County, 810 F.Supp. 1239, 1244-45 (D.Utah 1993) (finding Utah's two-year § 1983 statute of limitations consistent with federal interests of compensation and deterrence). Cf. Burnett, 468 U.S. at 61, 104 S.Ct. at 2935 (Rehnquist, J., concurring in the judgment) ("The willingness of Congress to impose a 1-year limitations period in 42 U.S.C. § 1986 demonstrates that at least a 1-year period is reasonable."). We therefore reject their argument and, applying Colorado's residual personal injury limitations period as instructed by Owens, affirm the dismissal of the complaint as untimely.
 
 
 12
 After dismissing the federal claims, the district court exercised its discretion to decline supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). We find no abuse of discretion and affirm that determination.
 
 
 13
 The order of the district court is AFFIRMED.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App. P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument