69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard D. COLLINS, Plaintiff-Appellant,
v.
Charles E. AHART, Major, Joseph Haughain, Grievance Officer,
Danny Teagen, S.O.R.T. Team Officer, Officer
Murray and Officer Officers, Defendant-Appellees.
 No. 95-1007.
 United States Court of Appeals, Tenth Circuit.
 Oct. 26, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 HENRY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Richard D. Collins, a state prison inmate, filed this action pro se under 42 U.S.C.1983, alleging that prison officials maliciously destroyed his personal property during a contraband search. The district court dismissed the action, concluding that the statute of limitations had run. On appeal, Mr. Collins contends that he was suffering from a mental disability that tolled the limitations period. We grant Mr. Collins's motion to proceed in forma pauperis, proceed to the merits of the appeal, and affirm the judgment of the district court.
 
 BACKGROUND
 
 3
 Mr. Collins alleges that during a June 14, 1991 search of his cell, prison officials willfully destroyed various items of his personal property, including records pertaining to legal actions that Mr. Collins was conducting in state and federal court. Mr. Collins also alleges that he found the words "sue this asshole" written on the wall of his cell when he returned after the search.
 
 
 4
 In response, Mr. Collins wrote a letter of complaint to a prison administrator on June 16, 1991. He also wrote two other letters dated June 16, 1991, requesting information from the federal district court clerk as to replacement costs for lost transcripts. On November 18, 1991, he wrote a similar request to the state district court clerk. He also pursued administrative remedies and a civil action in small claims court. Mr. Collins represented himself in the latter proceeding, which was tried to the court on April 2, 1992. On October 31, 1992, he received $180 in damages in that action.
 
 
 5
 Mr. Collins commenced the present action on June 13, 1994, nearly three years after the search. In response to the court's order to show cause why the case should not be dismissed on statute of limitations grounds, Mr. Collins presented documents to show that he had been found "incompetent" by a prison mental health professional and placed in segregation from March 1990 through June 1993. Mr. Collins contended that the limitations period was therefore tolled for that time. The magistrate found that Mr. Collins was not incompetent and recommended dismissal of the case with prejudice. The district court agreed, and the present appeal followed.
 
 DISCUSSION
 
 6
 Mr. Collins raises the statute of limitations issue as his sole argument on appeal.[2] Section 1983 itself does not specify a limitations period; instead, courts must apply the residual statute of limitations of the state in which the action is brought. Owens v. Okure, 488 U.S. 235, 249-50 (1989). In Colorado, the applicable statute is Colo.Rev.Stat. 13-80-102, which provides a two-year limitations period. Blake v. Dickason, 997 F.2d 749, 750 (10th Cir.1993). Mr. Collins acknowledges filing his action outside the two-year limit, but argues that he was mentally incompetent from March 1990 until June 1993, and contends that his alleged incompetence tolled the limitations period pursuant to Colo.Rev.Stat. 13-81-103.
 
 
 7
 Colo.Rev.Stat. 13-81-103 provides for the tolling of any limitations period for the commencement of an action by any person suffering from a disability, and provides that unrepresented persons with a disability may bring an action up to two years after the disability terminates. Id. 13-81-103(1)(c). Had Mr. Collins experienced a disability that terminated in June 1993, the present action would not be time-barred.
 
 
 8
 It is the burden of the party alleging the disability to prove that the condition existed. Overheiser v. Safeway Stores, Inc., 814 P.2d 12, 13 (Colo.Ct.App.1991). Here, the court found that Mr. Collins had not met his burden, and did not suffer from a disability. We review the grant of summary judgment for the defendants de novo, construing the facts in the light most favorable to Mr. Collins, Monarch Cement Co. v. Lone Star Indus., Inc., 982 F.2d 1448, 1451 (10th Cir.1992), and affirm.
 
 
 9
 Mr. Collins bases his claim of mental incompetence on the fact that he was placed in segregation from March 1990 to June 1993 at the recommendation of a prison mental health professional, who described Mr. Collins in March 1990 as "[d]angerous; shrewd, suspicious, tense, apprehensive, easily upset. ... Refuses meds. Incompetent--Segregation recommended." Rec. doc. 13, Ex. 4. Another mental health note from October 1990 describes Mr. Collins as "EXPLOSIVE.... Impulse controls extremely low. Dangerous/high escape attempt risker [sic]." Rec. doc. 13, Ex. 5.
 
 
 10
 These notes provide some support for the proposition that Mr. Collins had a "cognitive, volitional, or emotional" disorder of the sort required to show that he was a "mentally ill person" under Colorado law. Colo.Rev.Stat. 27-10-102(7).[3] However, they do not show that Mr. Collins was in any sense "grossly impaired" within the meaning of that statute, or indeed under any reasonable definition of mental illness. The magistrate observed that during the period of his alleged incompetence Mr. Collins managed to pursue various administrative proceedings, to file and win an action pro se in small claims court, and to write several lucid letters to state and federal district courts regarding other litigation. These are not the actions of an incompetent. Given Mr. Collins's failure to document any worsening of his mental condition after taking these actions, the district court correctly concluded that no real controversy existed as to his incompetence.
 
 
 11
 The order of the district court dismissing this action is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 In addition to the limitations issue, the defendant corrections officers also raise several jurisdictional issues based on their contentions that they are being sued in their official capacity, that some of the defendants' liability is based on a respondeat superior theory inappropriate to 1983 actions, and that Mr. Collins had an adequate state remedy in the small claims proceeding. A liberal construction of Mr. Collins's complaint removes most of the force of these arguments. Moreover, even if successful, these arguments would not require the complete dismissal of this action as to all defendants. On the other hand, we conclude below that the statute of limitations issue is dispositive as to all claims and all defendants. Thus, we begin and end with the limitations issue
 
 
 [3]
 The statutory definition of a "person under disability" for limitations purposes, Colo.Rev.Stat. 13-81-101(3), includes mental incompetence. "Mental incompetency" is defined by statute at Colo.Rev.Stat. 27-10.5-135. Thus, in this context the mental health professional's conclusory notation that Mr. Collins was "incompetent" is at most a nosological observation, not a binding conclusion of law. Under 27-10.5-135, mental illness is the only conceivable category of incompetence to which Mr. Collins could aspire. In turn, a "mentally ill person" is, under Colo.Rev.Stat. 27-10-102(7), "a person with a substantial disorder of the cognitive, volitional, or emotional processes that grossly impairs judgment or capacity to recognize reality or to control behavior."