UNITED STATES COURT OF APPEALS
**Filed 10/28/96**
FOR THE TENTH CIRCUIT

Dr. ALAN R. RICE,

      Plaintiff-Appellant,

v.

JUDITH E. N. ALBINO, President, University of Colorado; THE BOARD OF REGENTS OF THE UNIVERSITY OF COLORADO; Dr. MARTIN MALTEMPO, individually and in his official capacity as Head of the Department of Geography, Geology and Physics; Dr. CLYDE ZAIDINS, individually and in his official capacity as Head of the Tenure Committee, Department of Geography, Geology and Physics; Dr. WILLIAM SIMMONS, individually, Assistant Professor, Department of Geography, Geology and Physics,

      Defendants-Appellees.

No. 95-1460
(D.C. No. 95-B-1137)
(D. Colo.)

ORDER AND JUDGMENT[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Alan R. Rice appeals the district court's dismissal of his complaint against defendants, the Board of Regents of the University of Colorado and several university professors and officials, as barred by the applicable statutes of limitations.

Plaintiff served as a nontenured assistant professor at the University of Colorado from 1983 until 1990 pursuant to annually renewed contracts. In May 1989 he received a letter from the university stating that his employment would be terminated at the end of the 1989-90 academic year. Plaintiff filed a grievance within the university system protesting his treatment and the decision not to grant him tenure. He left the employ of the university in May 1990. He did not serve the notice of suit required by Colo. Rev. Stat. § 24-10-109 for claims against the state or its officers until November 14, 1994. He filed this lawsuit on May 12, 1995.

The district court construed plaintiff's complaint as setting forth tort and contract claims against defendants. The complaint referenced federal constitutional claims without any elaboration, and plaintiff first raised a constitutional due process claim in connection with a motion for reconsideration filed after the district court's judgment. The correctness of the district court's dismissal on statute of limitations grounds is the only issue before us.

The parties agree that the statute of limitations applicable to plaintiff's breach of contract claim is either two years, see Colo. Rev. Stat. § 13-80102(1)(h) (action against public or governmental entity or its employees), or three years, see Colo. Rev. Stat. § 13-80-101(1)(a) (action on contract). The two-year statute of limitations also applies to any claim plaintiff may have under the federal constitution. See Blake v. Dickason, 997 F.2d 749, 750 (10th Cir. 1993). As to the tort claim, the parties recognize that plaintiff was required to give notice of his intent to sue the university and its employees within 180 days "after the date of the discovery of the injury," pursuant to Colo. Rev. Stat. § 24-10-109(1). Thus, the district court correctly dismissed the complaint unless plaintiff can show that his alleged causes of action did not accrue until a time within the applicable statutes of limitations.

Plaintiff attempts to establish a late accrual date by maintaining that he was required to exhaust his administrative remedies within the university before filing

suit. He asserts that the university delayed processing his grievance and failed to promptly respond to his attorney's letters of inquiry. He contends that his claim only accrued when an unequivocal letter dated May 31, 1994, denying that any further review would be conducted, was sent to his attorney. Thus plaintiff argues the appropriate starting point for the running of the various statutes of limitations was May 31, 1994; therefore his notice and lawsuit were timely filed.

We have examined the record on appeal, which apparently consists of everything available to the district court. We agree with the district court's dismissal, that the statutes of limitations had expired on any possible cause of action plaintiff may have had before he filed his complaint. We see no basis in the record to warrant equitable tolling of the statutes of limitations. Further, no administrative exhaustion requirement exists as a condition precedent to a suit based on a federal constitutional claim. Patsy v. Board of Regents, 457 U.S. 496, 516 (1982).

Insofar as plaintiff claims a breach of his employment contract, his cause of action accrued on the date he was notified he would not be retained, and certainly no later than his last day of work in May 1990, approximately five years before his suit was filed. See Colo. Rev. Stat. § 13-80-108(6) (cause of action or breach of contract "shall be considered to accrue on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence").

Any tort claims plaintiff may have had against defendants in their individual capacities, as distinguished from their official capacities, were also barred. Plaintiff's grievance filed in April 1990 details various complaints plaintiff had about individual defendants and an alleged conspiracy against plaintiff. This action demonstrates his knowledge more than five years before the complaint was filed. Colo. Rev. Stat. § 13-80-102 (general tort statute of limitations is two years).

Insofar as plaintiff's complaint sounds in contract or tort based on the grievance proceedings--as a state cause of action or a federal constitutional tort for denial of procedural due process--plaintiff knew or should have known of the violation more than three years before he filed his action. His attorney's letter of April 13, 1992, addressed to the chair of the Privilege and Tenure Committee at the University of Colorado, states that it is "quite clear that the panel [of the Privilege and Tenure Committee] failed in its responsibilities and did not comply with Faculty Handbook requirements"; that "the findings, conclusions and recommendations of the Senate Committee on privilege and tenure were never properly forwarded for an adequate review by the President." Appellant's App. doc. 24, ex. 7. Assuming the faculty handbook can be read, as plaintiff contends, to provide rights to this nontenured and terminated faculty member, plaintiff's counsel's letter demonstrates knowledge that those alleged rights had been

violated.  See Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir. 1993) ("A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action.").

The notice period for purposes of tort claims under the Colorado Governmental Immunity Act is triggered "when a claimant has only discovered that he or she has been wrongfully injured," Trinity Broadcasting of Denver, Inc. v. City of Westminster, 848 P.2d 916, 923 (Colo. 1993), and after a reasonable opportunity to discover the facts underlying his or her claim, State v. Young, 665 P.2d 108, 111 (Colo. 1983).  The statute, however, does not "allow an aggrieved party to wait to file its action until all of the elements of the claim mature." Id.  Although we are satisfied that plaintiff knew of the alleged wrong much earlier, the letter dated July 13, 1993, from the university counsel to plaintiff's attorney explicitly informed counsel that "the University's internal procedures for review have been concluded in this matter." Appellant's App. doc. 24, ex. 10 at 2.  The notice to the attorney general required by Colo. Rev. Stat. § 24-10-109 was not filed within 180 days after receipt of that letter.  Plaintiff cannot enlarge the period for filing a claim by a continuing barrage of argumentative pleas for relief beseeching the university to agree with his interpretation of the laws and regulations governing his grievances.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge