**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DOUGLAS J. OATES,

      Plaintiff-Appellant,

v.

ROSE ENGLUND, OFFICER
HERERRA, OFFICER
SUMMERFIELD and ROY HAVENS,
Phisicians (sic) Assistant,

      Defendants-Appellees.

No. 99-1187
(D.C. No. 97-N-2737)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Douglas J. Oates, a state prisoner, brought this pro se civil rights action against employees of state correctional facilities in Colorado alleging various violations of his Eighth Amendment rights. The matter was referred to a magistrate judge, who recommended dismissal of all the claims. The district judge adopted the recommendations and dismissed the case with prejudice. Mr. Oates appeals and we affirm.

In his complaint, Mr. Oates alleged that nurse Rose England deliberately infected him with hepatitis in July, 1991, while he was incarcerated. He alleged that she was paid to do so by outside sources and that he did not learn he was infected until several years later. Ms. England moved to dismiss the claim as barred by two-year limitation period applicable to section 1983 claims in Colorado. *See Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993). In response, Mr. Oates offered medical records showing that he tested positive for hepatitis on February 20, 1992, although he asserted that he was not informed of this fact by prison medical staff until March 15, 1997. On appeal, Mr. Oates contends that his affidavit creates a genuine issue of fact as to when he knew or should have known of the facts giving rise to his claim.

While we agree with Mr. Oates that "[m]aterial factual disputes cannot be resolved at summary judgment based on conflicting affidavits," it is also true that "[t]o come within the protection of this rule . . . the nonmovant's affidavits must

be based upon personal knowledge and set forth facts that would be admissible in evidence; *conclusory and self-serving affidavits are not sufficient.*" *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (emphasis added). Here Mr. Oates has offered nothing to support his conclusory and self-serving allegation that he was not told of his condition until some five years after he was tested. His affidavit is thus not sufficient to create a genuine issue of fact and the claim against Ms. England was therefore properly dismissed on the basis of the applicable statute of limitations.

The claims against defendants Hererra, Summerfield, and Havens were also properly dismissed. On September 12, 1997, after Mr. Oates apparently complained of medical problems, Mr. Havens, a physician's assistant, requested that Mr. Oates be brought to the medical examination room. Prison officers Hererra and Summerfield brought Mr. Oates to the room pursuant to prison regulations. Defendants stated by affidavit that Mr. Oates demanded Mr. Havens put on rubber gloves before the examination. When Mr. Havens was unable to find any gloves, Mr. Oates refused to be examined and was taken back to his cell. Mr. Oates, on the other hand, alleged that Mr. Havens hypnotized him and performed a medical procedure upon him without his consent. Mr. Oates further stated that his medical problems continued, and that tests by an outside hospital revealed a cyst that required removal by surgery.

To the extent Mr. Oates seeks monetary relief against these defendants in their official capacities, the suit is barred by the Eleventh Amendment. *See White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). Moreover, the suit against them individually was properly dismissed on the basis of qualified immunity. Qualified immunity shields public officials from liability for civil damages when their actions do not violate clearly established constitutional law of which a reasonable person would have known. *See Siegert v. Gilley*, 500 U.S. 226, 231 (1991). Mr. Oates' allegations, even if taken as true, do not state a constitutional violation. *See id.* at 232.

A prisoner states an Eighth Amendment violation if he alleges facts sufficient to show that prison officials were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, not every claim by a prisoner that he has received inadequate medical treatment states a constitutional violation. *Id.* at 105. Allegations of inadvertent failure to provide adequate medical care or of negligent diagnosis or treatment do not establish the requisite culpable state of mind. *Id.* at 105-06. The selection of diagnostic techniques and treatment are matters of medical judgment, and are at most claims of medical malpractice that do not rise to constitutional violations. *Id.* at 107.

Here, viewing the record most favorably to Mr. Oates, it appears that the

alleged hypnosis and treatment by Mr. Havens did not adequately treat Mr. Oates' medical condition. As discussed above, however, these facts are not sufficient to state an Eighth Amendment violation. Thus summary judgment was properly granted in favor of Mr. Havens. To the extent Mr. Oates alleges that defendants Hererra and Summerfield personally participated in the violation of his constitutional rights by conspiring with Mr. Havens, summary judgment was properly granted on that claim as well because Mr. Havens' conduct was not unconstitutional.[1]

Accordingly, the judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[1] We conclude that the record before us is adequate to allow the proper disposition of Mr. Oates' claims and we therefore deny his requests for oral argument, for entire transcripts, and for production of additional documents. We affirm the denial under 28 U.S.C. § 1915(e)(2) of his request to amend his petition. We also affirm the dismissal as frivolous of Mr. Oates' claim that unnamed prison officials have implanted electronic devices under his skin and have operated these devises remotely to administer pain and suffering. We dismiss as moot Mr. Oates' claim for injunctive relief requesting that he be scheduled for surgery to alleviate his medical condition since the record indicates that Mr. Oates' surgery was scheduled for October, 1998. His request to be transferred to another facility was properly denied as he has no right to incarceration at any particular facility. *See Olim v. Wakinekona*, 461 U.S. 238, 247-48 (1983). His request for immediate release states a claim for habeas corpus relief under 28 U.S.C. § 2254 that must be dismissed for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b), (c).