**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 4 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AARON LEE COLEMAN,

      Plaintiff - Appellant,

v.

DR. KATHY A. MORALL, M.D.,

      Defendant - Appellee.

No. 02-1099
(D.C. No. 98-N-1028)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Plaintiff-Appellant Aaron Lee Coleman, a state prisoner proceeding pro se, appeals the district court's dismissal of his civil rights action against Dr. Kathy A. Morall.  Mr. Coleman's complaint, brought under 42 U.S.C. § 1983, alleged that Dr. Morall violated his constitutional rights by forcing him to take anti-psychotic drugs during separate periods of incarceration at the Denver County Jail ("Denver

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

County"). The district court granted Dr. Morall's motion for summary judgment on the ground that Mr. Coleman failed to file his action within the applicable statute of limitations. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Mr. Coleman was periodically incarcerated at Denver County as a pre-trial detainee between 1992 and 1994. Beginning in 1992, Dr. Morall, the treating physician at Denver County, ordered anti-psychotic medications to be administered to Mr. Coleman in at attempt to remedy the psychotic symptoms she believed he was exhibiting. Over Mr. Coleman's objections, Dr. Morall ordered these medications to be administered via forcible injection on at least three occasions. During his periods of confinement Dr. Morall also prescribed daily oral doses of the anti-psychotic drug Haldol, which he sometimes refused to take.

Following his last period of confinement at Denver County, Mr. Coleman was confined at the Colorado State Penitentiary in Canon City from November 1994 to September 1996. On June 26, 1996, a neurologist, ("Dr. McNamara"), examined Mr. Coleman and diagnosed him with tardive dyskinesia, a condition characterized by an impairment of voluntary movement in the form of spasms or tics. Dr. McNamara further advised him that the condition was likely a side effect of the Haldol he had taken at Denver County.

On April 28, 1998, Mr. Coleman filed a pro se complaint against Dr. Morall

alleging that she violated his constitutional rights by forcing him to take the aforementioned medications. The district court dismissed the complaint as legally frivolous under 28 U.S.C. § 1915 (e)(2)(B), and on appeal we reversed and remanded the case to the district court to evaluate Mr. Coleman's claims under the standard announced by the Supreme Court in Riggins v. Nevada, 504 U.S. 127 (1992). Coleman v. Morall, 172 F.3d 878 (table), 1999 WL 106803 (10th Cir. Mar. 3, 1999). On remand the district court appointed counsel for Mr. Coleman, and Dr. Morall filed a motion for summary judgment arguing that he failed to file his action within the applicable limitations period. Mr. Coleman responded that he did not know of the nature and extent of his injury, or the legal basis for his claim, until he met with Dr. McNamara on June 20, 1996, and that his cause of action therefore did not accrue until that date. The district rejected this argument and instead held that Mr. Coleman's action accrued, at the latest, when he left Denver County in 1994, and that his April 28, 1998 complaint was therefore filed beyond the applicable two-year statute of limitations.[1]

On appeal, Mr. Coleman argues that the district court erred because: (1) he was in administrative segregation during his confinement at the Colorado State

---

[1] The district court noted that even if it assumed that the statute was tolled due to incompetence until late 1995, when Mr. Coleman claimed that he finally began "functioning coherently," Aplee. App. at 184, his complaint would have still been untimely. Aplee. App. at 31.

- 3 -

Penitentiary and was therefore "isolated . . . from any kind of help available," Aplt. Br. at 2; (2) the district court should have equitably tolled the limitations period because he was unable to "think straight" due the side effects of the medications, Aplt. Br. at 2, 3A; (3) he is entitled to tolling under Colorado law because Colo. Rev. Stat. § 13-80-102.5 (3)(a) provides that the limitations period begins to run only after the plaintiff has discovered the act or omission giving rise to his or her action where the act or omission was knowingly concealed by the alleged tortfeasor; (4) he was entitled to tolling as a person under a disability pursuant to Colo. Rev. Stat. § 13-80-102.5 (3)(d)(II); and (5) he filed a timely complaint because he did not discover his injury until his appointment with Dr. McNamara in June of 1996.

We review a grant of summary judgment de novo, and apply the same legal standard applied by the district court. Ashley Creek Phosphate Co. v. Chevron USA, Inc., 315 F.3d 1245, 1253 (10th Cir. 2003). Summary judgment is proper if the evidence, viewed in the light most favorable to the non-moving party, indicates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56 (c). Where the operative facts and dates are not in dispute, we may determine as a matter of law when a cause of action accrued. See Smith v. City of Enid, 149 F.3d 1151, 1154 (10th Cir. 1998).

Because Congress has not expressly provided a statute of limitations for actions brought under § 1983, such claims are subject to the statute of limitations of the general personal injury statute in the state where the action arose. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Blake v. Dickason, 997 F.2d 749, 750 (10th Cir. 1993). Accordingly, the district court properly determined that Colorado's two-year statute of limitations for personal injury actions, Colo. Rev. Stat. § 13-80-102 (2001), applied to Mr. Coleman's action. Although questions regarding tolling of the statute of limitations are governed by state law, Wilson, 471 U.S. at 269, federal law controls the issue of when a federal cause of action accrues. See Baker v. Bd. of Regents, 991 F.2d 628, 632 (10th Cir. 1993).

As to Mr. Coleman's arguments that he is entitled to tolling of the statute of limitations by virtue of his isolation in administrative segregation, his alleged mental incompetence, and Dr. Morall's alleged concealment of his injury, we hold that Mr. Coleman has waived these arguments by failing to raise them before the district court. In so holding we note that Mr. Coleman was represented by counsel in the proceedings below and that his attorneys had every opportunity to raise the arguments Mr. Coleman now presents on appeal. Instead, Mr. Coleman argued below that his cause of action did not accrue until June 1996, when he became aware of the nature and extent of his injuries. Aplee. App. at 281-284. Absent "extraordinary circumstances," we do not consider arguments raised for

the first time on appeal. McDonald v. Kinder-Morgan Inc., 287 F.3d 992, 999 (10th Cir. 2002). We therefore decline to address these arguments.

As to Mr. Coleman's claim that his cause of action did not accrue until June 20, 1996, we note first that "[a] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Baker, 991 F.2d at 632. The injury which is the "basis of the action" in such a case is the violation of some constitutional right, not the physical, mental, or other harm that may have been occasioned by it. See Smith, 149 F.3d at 1154. The relevant inquiry is therefore whether Mr. Coleman knew, or had reason to know, of the injury which serves as the basis for his action, namely, being forced to take anti-psychotic medications. We agree with the district court that Mr. Coleman understood that he was injured each time he was forced to take the medications. This conclusion is supported by the fact that Mr. Coleman repeatedly objected to the forced administration of the drugs, sometimes refused to take them altogether, and later testified that he felt as though someone was attempting to rape him each time he was forcibly injected. Aplee. App. at 501.

Mr. Coleman argues that he did not become aware that his constitutional rights were violated until his appointment with Dr. McNamara in June of 1996, and that he therefore did not become aware of his injury until that date. However, our review of relevant authority convinces us that a plaintiff need not understand

the legal basis of his claim before the statute of limitations will begin to run.

In <u>United State v. Kubrick</u>, 444 U.S. 111 (1979), the Supreme Court rejected the Third Circuit's view that because "a claim does not accrue until a plaintiff is aware of his injury and its cause, neither should it accrue until he knows or should suspect that the doctor who caused his injury was legally blameworthy." <u>Id.</u> at 121-122. In so doing, the Court distinguished between a plaintiff's awareness of "the fact of his injury or its cause" and "a plaintiff's ignorance of his legal rights." <u>Id.</u> at 122. Accordingly, the Court held that the plaintiff's cause of action accrued on the date that he learned that he was injured, even if he did not know that the alleged tortfeasor was negligent, because, as a plaintiff "armed with the facts about the harm done to him, [he] can protect himself by seeking advice in the medical and legal community." <u>Id.</u> at 123.

Although the plaintiff's claim in <u>Kubrick</u> was brought pursuant to the Federal Tort Claims Act rather than § 1983, the rationale set forth therein applies equally here. That is, in determining when a cause of action has accrued, where the plaintiff is aware of both the fact that he has been injured and its cause, federal courts should not postpone accrual of the cause of action until the plaintiff has realized the legal basis of his claim. <u>Id.</u> at 122-123. We therefore reject Mr. Coleman's claim that because he did not realize that his rights were violated until June of 1996, his cause of action did not accrue until that date.

We likewise reject Mr. Coleman's argument that he realized the full extent and nature of the harm caused by the medications only after he met with Dr. McNamara, and that his cause of action therefore did not accrue until June 1996. "A plaintiff need not know the full extent of his injuries before the statute of limitations begins to run." Indus. Constructors Corp. v. Powers, 15 F.3d 963, 969 (10th Cir. 1994). Furthermore, because the relevant injury in a civil rights action is the violation of a constitutional right, it would be analytically incorrect to link accrual of a cause of action under § 1983 to a plaintiff's knowledge concerning the extent of the harm the constitutional violation might have caused. Thus, the fact that Mr. Coleman did not realize until June of 1996 that he had tardive dyskinesia and that the condition was likely a side effect of the medications will not defer accrual of his cause of action until that date.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge