**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**DEC 10 2003**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

NATHANIEL B. APPLEBY-EL,

    Plaintiff-Appellant,

v.

RICK CATRON, Unicor-Florence,

    Defendant-Appellee.

No. 03-1413

(D.C. No. 03-Z-839)
(D. Colorado)

ORDER AND JUDGMENT[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Nathaniel Appleby-El, a federal prisoner appearing pro se, appeals the district court's decision dismissing his complaint as legally frivolous. We exercise

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

On February 10, 1995, plaintiff received a disciplinary transfer to Florence-ADX in Colorado. On March 27, 1995, the Bureau of Prisons issued a new policy statement that provided forfeiture of an inmate's longevity credits if the inmate was transferred for disciplinary reasons. On August 18, 1998, plaintiff was assigned to work in Unicor (prison industries) but, as a result of the new policy, he was given no longevity credits for 30 months of prior Unicor service dating back to 1990. Plaintiff received lower wages for his Unicor employment as a result of the lost longevity credits.

On May 7, 2003, the district court directed the commencement of plaintiff's action. Plaintiff filed his complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), raising due process, equal protection, and ex post facto claims. The district court dismissed his claims as time barred, but then considered the merits of the claims and found them to be legally frivolous.

We need not consider the merits of plaintiff's claims because we affirm the district court's conclusion that the claims were time barred. Bivens actions are "subject to the statute of limitations of the general personal injury statute in the state where the action arose." Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). Colorado provides a two-year statute of limitations for such actions. See Colo. Rev. Stat. § 13-80-102; Blake v. Dickason, 997 F.2d 749, 750-51 (10th Cir. 1993) (applying § 13-80-102 to § 1983 claim). Therefore, the latest date

2

plaintiff could file his claim was August 18, 2000, two years after the date he was allegedly informed his longevity credits would be forfeited. Plaintiff's complaint was time barred.

AFFIRMED. Plaintiff's request to proceed on appeal without prepayment of the appellate filing fee is DENIED and plaintiff is directed to make immediate payment of the balance of his appellate filing fee.

Entered for the Court

Mary Beck Briscoe
Circuit Judge