**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

ANTONIO DWAN WILLIAMS,

Petitioner − Appellant,

v.

MR. FAUCLK, Warden; THE STATE
OF COLORADO; JOHN W. SUTHERS,
Attorney General of the State of
Colorado,

Respondents − Appellees.

No. 13-1353
(D.C. No. 1:13-CV-02146-LTB)
(D. Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

Antonio Dwan Williams, a Colorado prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his

28 U.S.C. § 2254 application as an unauthorized second or successive application.

*See* 28 U.S.C. § 2244(b)(2), (3).  We deny a COA and dismiss this matter.

Mr. Williams was convicted of murder and sentenced to life without parole.

He filed two § 2254 applications in federal court, one in 2011 and one in 2012.  The

---

[*]      This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2011 application asserted that he was falsely arrested due to a defective arrest warrant. The district court denied relief on the ground of procedural default, and Mr. Williams did not appeal. The 2012 application alleged that counsel was ineffective in failing to challenge the arrest warrant. The district court dismissed it as an unauthorized second or successive § 2254 application. Instead of appealing, Mr. Williams filed a motion to authorize the claim, which this court denied. *See In re Williams*, No. 12-1383 (10th Cir. Oct. 9, 2012) (unpublished order).

In 2013, Mr. Williams filed in this court a motion for authorization of "a claim that his sentence was illegally imposed based on the defective arrest warrant." *In re Williams*, No. 13-1312, at 2 (10th Cir. July 30, 2013) (unpublished order). He admitted, however, that his claim did not rely on new law or new evidence. *See id.* at 3. Accordingly, this court denied authorization. *See id.*; 28 U.S.C. § 2244(b)(2) (setting forth standards for successive applications). Ignoring this decision, Mr. Williams immediately filed in the district court the § 2254 application underlying this appeal, in which he again asserted that his sentence was illegal because of a false arrest due to a defective arrest warrant. The district court dismissed it as an unauthorized second or successive § 2254 application.

To appeal the dismissal, Mr. Williams must secure a COA. To do so, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  But the district court was inarguably correct in its procedural ruling.

The 2013 application is a second or successive application.  As both the district court and this court have explained to Mr. Williams, Congress has placed strict limitations on second or successive § 2254 applications, requiring that they be authorized by this court before proceeding in the district court, *see* 28 U.S.C. § 2244(b)(3), and that they be authorized only under limited circumstances, *see id.* § 2244(b)(2).  The district court did not have jurisdiction to reach the merits of the underlying claim, and under these circumstances no reasonable jurist could debate the decision to dismiss the application.  *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam).

Mr. Williams's motion for leave to proceed without prepayment of fees and costs is granted.  The application for COA is denied and this matter is dismissed.  As discussed above, this court twice has determined that Mr. Williams cannot proceed with habeas claims arising out of the allegedly defective arrest warrant.  We warn him that he may be subject to sanctions if he files another motion for authorization or appeal attempting to challenge his conviction on such grounds.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -