**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANTONIO DWAN WILLIAMS,

      Plaintiff - Appellant,

v.

COLORADO SPRINGS POLICE
DEPARTMENT; EL PASO COUNTY;
THE STATE OF COLORADO,

      Defendants - Appellees.

No. 14-1198
(D.C. No. 1:14-CV-00987-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY,** and **MATHESON**, Circuit Judges.

---

On April 7, 2014, state prisoner Antonio Dwan Williams filed a complaint naming

the Colorado Springs Police Department, El Paso County, and the State of Colorado and

alleging violation of his constitutional rights under 42 U.S.C. § 1983 for his 2007 arrest

---

[*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

on a defective warrant. The district court dismissed the complaint, stating various alternative grounds. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

After his 2007 arrest, Mr. Williams was convicted of first degree murder and felony murder and sentenced to life in prison. His attempts to challenge his conviction and sentence on direct appeal and through state and federal habeas petitions failed, *People v. Williams*, No.10CA2162, 2011 WL 4497200 (Colo. App. Sept. 29, 2011) (unpublished); *Williams v. Chapdlaine*, No. 11-cv-02643-BNB, 2012 WL 12867 (D. Colo. Jan. 4. 2012) (unpublished), including attempts to do so based on the allegedly defective 2007 arrest warrant. *See Williams v. Fauclk*, 535 F. App'x 763 (10th Cir. 2013) (unpublished).

As the district court correctly held, Mr. Williams's complaint implicates the validity of his conviction and sentence and therefore is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Further, any false arrest or false imprisonment claim based on the 2007 arrest not barred by *Heck* is otherwise barred under the two-year statute of limitations applicable to this case. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (two-year statute of limitations applies to § 1983 actions in Colorado); *see also Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (recognizing two-year statute of limitations for § 1983 actions in Colorado and observing that sua sponte dismissal of

---

[1] Because Mr. Williams is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

untimely claims may be appropriate "when the defense is obvious from the face of the complaint and no further factual record is required to be developed" (quotations omitted)).  Mr. Williams does not address these grounds for dismissal in his appellate brief.

We affirm the district court's judgment.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge