FILED
United States Court of Appeals
Tenth Circuit

May 19, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ADAM STREGE,

      Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

      Defendant - Appellee.

No. 20-1414
(D.C. No. 1:20-CV-03084-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BRISCOE**, and **BACHARACH**, Circuit Judges.
_____

Mr. Adam Strege, proceeding pro se,[1] appeals from the dismissal of

the complaint as frivolous. We dismiss the appeal as frivolous.

---

[*]    We conclude that oral argument would not materially help us to
decide the appeal, so we have decided the appeal based on the record and
the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1]    Mr. Strege's pro se status entitles him to a liberal reading of his
pleadings. _Ledbetter v. City of Topeka_, 318 F.3d 1183, 1187 (10th Cir.
2003). We thus make some allowances for deficiencies, such as
unfamiliarity with pleading requirements, failure to cite appropriate legal
authority, and confusion of legal theories. _See Garrett v. Selby Connor
Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005). But we "cannot take

Because the complaint was largely unintelligible, the district court issued two orders to cure, giving Mr. Strege an opportunity to better explain the basis for his claims. He responded by filing a new complaint, which consisted primarily of rambling, unintelligible allegations about the denial of Social Security benefits, the agency's historical handling of his benefits checks (making them payable to his mother), his arrest and brief stay in jail for filing a false Social Security claim, and various other governmental actions.

The district court concluded that Mr. Strege was trying to appeal the Social Security Administration's termination of benefits or to assert a civil rights claim under 42 U.S.C. § 1983. Given this conclusion, the court dismissed the complaint as frivolous for two reasons. First, the court found that the complaint

> lacks coherent factual allegations or claims. Mr. Strege describes a fantastic or delusional scenario of the government swapping babies and putting human hearts in nuclear reactors. The nonsensical allegations do not support an arguable claim for relief, whether the claim is for false arrest, malicious prosecution, or review of a Social Security determination, and a more specific pleading would not cure the legally frivolous nature of the purported claim.

on the responsibility of serving as [his] attorney in constructing arguments" for him. *Id*.

2

R. at 52 (internal quotation marks omitted).[2] Second, the court determined that "any [§ 1983] claim that could be deduced from" Mr. Strege's allegations would be barred by the two-year statute of limitations because the claim stemmed from events preceding the suit by more than two years. *Id.*; *see Blake v. Dickason*, 997 F.2d 749, 750–51 (10th Cir. 1993) (applying Colorado's two-year limitations period for personal injury actions to § 1983 claims).

Mr. Strege has filed two IFP motions and maintains that the district court erred by dismissing his complaint.

We review the dismissal for an abuse of discretion. *See Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997). The district court cannot dismiss a claim as frivolous just because the underlying claims are unlikely. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). But the district court can "dismiss a claim based on an indisputably meritless legal theory" and "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). In reviewing a dismissal for frivolousness, appellate courts "consider, among other things, whether the plaintiff was

---

[2]  With respect to the denial-of-benefits claim, we note that Mr. Strege did not explain the administrative procedure that led to the cessation of benefits and what steps he took to reinstate his benefits, much less the legal basis for his assertion that the agency's decision was wrong.

proceeding pro se; whether the [district] court inappropriately resolved genuine issues of disputed fact; whether [it] applied erroneous legal conclusions; whether [it] has provided a statement explaining the dismissal that facilitates intelligent appellate review[;]" and whether the dismissal was with prejudice or without leave to amend when "frivolous factual allegations could be remedied through more specific pleading." *Denton*, 504 U.S. at 34 (italics, internal citations and internal quotation marks omitted).

The district court acted within its discretion by considering Mr. Strege's pro se status, declining to resolve any issues of fact, and explaining the basis for its ruling. In his opening brief, Mr. Strege does not give any reason to think that he could have cured the defects in the complaint. *See id.*

His appeal is also frivolous. He presents conclusory and fantastical assertions, but he has not explained the basis of his underlying claims. So we dismiss the appeal as frivolous. *See Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008) ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." (internal quotation marks omitted)).

We also deny Mr. Strege's requests for leave to appear in forma pauperis and for leave to electronically file a thousand pages of evidence.

Entered for the Court


Robert E. Bacharach
Circuit Judge