FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ALEXANDER NOEL GARCIA,

    Plaintiff - Appellant,

v.

R. YNIQUEZ, Adams County Deputy;
ADAMS COUNTY; ADAMS COUNTY
COMMISSIONERS; ADAMS COUNTY
DETENTION FACILITY; R.
REIGENBORN, Adams County Sheriff;
GOODSON, Sgt.; JUNGCLAUSE, Sgt.; P.
GREGORY, Commander; R. NANNY,
Commander; M. WISE, Sgt.; CARILLO,
Sgt.; SUZAN ARGO; MONARE, Sgt.;
DAVIS, Deputy; LINSLEY, Deputy;
JOHN DOES; JANE DOES; PEIEA,
Deputy,

    Defendants - Appellees.

|

No. 22-1041
(D.C. No. 1:21-CV-01117-LTB-GPG)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **MORITZ**, **BRISCOE,** and **CARSON**, Circuit Judges.

_____

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pro se appellant Alexander Noel Garcia, a Colorado state prisoner, appeals the district court's order dismissing his second amended complaint without prejudice and denying him leave to amend. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. We also deny Plaintiff's motion to proceed *in forma pauperis*.

I.

In April 2021, Plaintiff sued Adams County Deputy R. Yniquez and twelve other defendants over their alleged treatment of Plaintiff during his incarceration in the Adams County Detention Center. The district court twice ordered Plaintiff to amend his complaint. After Plaintiff's first amendment, the district court issued a detailed order discussing the complaint's "numerous" deficiencies and explaining the legal standards for each of Plaintiff's attempted claims.

Plaintiff's second amended complaint asserted claims against nineteen Adams County defendants under 42 U.S.C. §§ 1983, 1985, and 1986 and the First, Fifth, Eight, and Fourteenth Amendments. Plaintiff alleged that Yniquez assaulted him in February 2019 and that Defendants retaliated against him and conspired to violate his constitutional rights by preventing his access to the law kiosk and library, taking his pens and pencils, and failing to investigate his assault allegation. He also alleged that prison staff refused his requests to view "summary reports and entire file of Internal Affairs Complaints" and "legal discovery" and argued that this entitled him to equitable tolling of the two-year statute of limitations on his assault claim.

The magistrate judge recommended dismissal for the second amended complaint's failure to contain "a short and plain statement . . . showing that the

pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8.

Plaintiff objected to the recommendation and requested leave to amend his complaint

a third time. In support, he included in his objection an "example of revised claim"

and attached his first and second amended complaints. The district court considered

Plaintiff's objections and "revised claim" and reviewed the magistrate's

recommendation de novo. It concluded that a third amended complaint would be

futile. It adopted the recommendation, denied Plaintiff's request for leave to amend,

and dismissed his second amended complaint without prejudice for failure to comply

with Rule 8. Plaintiff timely appealed.

II.

Rule 8 requires that a complaint contain a "short and plain statement of the

claim showing the pleader is entitled to relief." "[F]ailure to satisfy Rule 8 can

supply a basis for dismissal," and we review such dismissal for an abuse of

discretion. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1161 (10th

Cir. 2007). When reviewing the denial of a motion for leave to amend "based on a

determination that amendment would be futile, our review for abuse of discretion

includes de novo review of the legal basis for the finding of futility." Cohen v.

Longshore 621 F.3d 1311, 1314 (10th Cir. 2010) (quoting Miller ex rel. S.M. v. Bd.

of Educ. of Albuquerque Pub. Schs., 565 F.3d 1232, 1250 (10th Cir. 2009)). We

construe a pro se litigant's pleadings liberally and hold them to a "less stringent

standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106,

1110 (10th Cir. 1991). But we "cannot take on the responsibility of serving as the

litigant's attorney in constructing arguments and searching the record." Garrett v.

Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (citing Hall, 935

F.2d at 1110).

### III.

We agree with the district court that Plaintiff failed to comply with the

requirements of Rule 8.  Even construed liberally, none of his complaints simply,

concisely, and directly set forth allegations that show he is entitled to relief.  See Fed.

R. Civ. P. 8.  "The more helpful the [district court's] notice" of a complaint's

deficiency, "the greater the culpability a pro se litigant bears in noncompliance."

Nasious, 492 F.3d at 1163.  The district court gave Plaintiff clear instructions on how

to correct his claims to comply with Rule 8.  He did not.  His claims remained largely

repetitive, conclusory, and unclear, including on appeal.  Allegations that are merely

"labels and conclusions [or] a formulaic recitation of the elements of a cause of

action" and "facts that are merely consistent with a defendant's liability" are

insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555, 557 (2007)).

We likewise agree with the district court that further amendment would be

futile.  It is "patently obvious" that Plaintiff "could not prevail on the facts alleged."

Cohen, 621 F.3d at 1311, 1314 (citing Hall, 935 F.2d at 1110).  He cannot prevail on

his access-to-the-courts claim because he has not alleged specific facts showing

Defendants prevented him from pursuing a nonfrivolous legal claim.  See Lewis v.

Casey, 518 U.S. 343, 349–55 (1996).  He cannot prevail on his retaliation claim

because he has not alleged specific facts showing he suffered an injury that would chill a person of ordinary firmness from pursuing a court action. See Shero v. City of Grove, 501 F.3d 1196, 1203 (10th Cir. 2007). Plaintiff's conspiracy allegations under § 1985(3) fail for the same lack of specific facts, including lack of any discriminatory animus against him based on his membership in a protected class. See Griffin v. Breckenridge, 403 U.S. 88, 102–03 (1971); Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993). He also failed to allege any specific policies or customs to support claims against any municipal defendants. Mere conclusory statements that a policy or custom existed are insufficient.

In his objection to the magistrate judge's report and recommendation, Plaintiff included an "example of revised claim." There, Plaintiff alleged that on February 23, 2019, Yniquez "came into [his] cell chesting [him] pushing him back into the cell." Plaintiff alleged that as he tried to retreat from the assault, he heard his knee pop and experienced "pain levels of between 7–8" and "levels of about 5–6" in his arm and back. On July 5, 2019, a doctor allegedly diagnosed Plaintiff with a torn ACL, MCL, and meniscus and told Plaintiff he would need either three repair operations or a complete knee replacement. In July 2021, Plaintiff allegedly learned that he needed a full knee replacement.

The district court determined that permitting Plaintiff to add these allegations in another amended complaint would be futile because the claim would be barred by the statute of limitations. In Colorado, the applicable statute of limitations for a § 1983 claim is two years. See Blake v. Dickason, 997 F.2d 749, 750–51 (10th Cir. 1993).

5

Plaintiff concedes that the alleged assault occurred more than two years before he sued but argues that "there was no way to determine any injuries" to his knee until his July 2019 doctor's appointment. He also argues that his knee injury was a "continuing tort" and his claim did not accrue until July 2021 when he learned that he needed a total knee replacement. But as the district court stated, the limitations period begins to run when a claimant "knows or has reason to know of the injury." Price v. Philpot, 420 F.3d 1158, 1162-63 (10th Cir. 2005) (quoting Baker v. Bd. of Regents, 991 F.2d 628, 632 (10th Cir. 1993)). Plaintiff's description of his pain levels reveals that he knew he had been injured at the time of the assault.

Plaintiff also argues that he could not sufficiently articulate his cause of action until he received copies of administrative records related to complaints he filed with the jail. But a claimant need not possess or even know all the evidence, including the extent of an injury, for a cause of action to accrue. See Price, 420 F.3d at 1162 (quoting Baker, 991 F.2d at 632). Plaintiff's allegations do not reveal how he tried to file his assault claim within the limitations period but was thwarted by Defendants' actions or extraordinary circumstances. See Braxton v. Zavaras, 614 F.3d 1156, 1161 (10th Cir. 2010). The district court did not err when it determined that Plaintiff's proposed amended assault claim is time-barred.

Plaintiff also appeals the district court's denial without prejudice of his request for appointment of counsel, which Plaintiff filed with his initial complaint. The magistrate judge determined that the request was premature because Plaintiff's lawsuit was in the screening phase and the court had yet to assign the case to a

6

district judge.  The magistrate judge thus denied the motion without prejudice and informed Plaintiff that he could request appointed counsel once the court assigned the case to a district judge.  The court assigned the case to a district judge, but Plaintiff never requested appointed counsel.  Having never requested the district judge to appoint counsel, Plaintiff waived the issue.  See United States v. Jarvis 499 F.3d 1196, 1201 (10th Cir. 2007).

The district court did not err in in dismissing Plaintiff's second amended complaint without prejudice or in denying his request for leave to amend.  Plaintiff has also failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," and we therefore deny his motion for leave to proceed in forma pauperis.  DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).  Plaintiff's filing fee is due immediately.

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge